**UNITED STATES of America, Appellee,**

v.

**Robert FRANK, Appellant.**

**No. 88–1525.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1989.

Decided March 17, 1989.

Allan Ackerman, Chicago, Ill., for appellant.

Timothy J. Gallagher, Dubuque, Iowa, for appellee.

Before JOHN R. GIBSON, and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

FAGG, Circuit Judge.

A jury convicted Robert Frank on federal charges relating to the burning of a state trial judge's home in Dubuque, Iowa. Frank appeals, and we affirm.

Frank and his wife, Patricia, separated in early 1983. Patricia filed for divorce in September 1984 and moved out of the state. On May 3, 1985, Judge Thomas Nelson entered a decree in the Franks' dissolution action. (This decree was later set aside, and the Franks' marriage was eventually dissolved in 1986.) Frank expressed his dissatisfaction over the divorce proceedings and the terms of the court-ordered property settlement in a series of telephone conversations with Patricia. She taperecorded some of these conversations, including one on May 7, 1985. In that conversation, Frank told Patricia "he would show * * * how very powerful he really was * * * he would deal with any man that tried to take everything away from him." Two days later, Judge Nelson's home was extensively damaged by fire.

As a result of this fire, Frank and two other men were charged with conspiracy and arson in Iowa state court. Frank was acquitted on both charges. In 1987, the three men were indicted by a federal grand jury on several charges, including illegally transporting explosives in interstate commerce with the knowledge or intent the explosives would be used to damage or destroy a building. See 18 U.S.C. § 844(d) (Supp. IV 1986). The men were also charged with a related conspiracy offense. See id. § 371 (1982).

The government's theory of the case was that Frank hired his accomplices to concoct a scheme for burning down Judge Nelson's home. The indictment stated that Frank's accomplices went to one of their businesses in East Dubuque, Illinois, obtained five gallons of gasoline, and drove to Dubuque, Iowa, where they used the gasoline to set fire to the judge's home.

The three men's trials were set for separate dates, and Frank's trial was the first to occur. After being granted immunity, the accomplices testified for the government at Frank's trial. When questioned, the men stated they were testifying freely and without any bargains or agreements with the government in exchange for their testimony. Their testimony fully implicated Frank in the arson scheme. Patricia also testified about her conversations with Frank, and the jury heard tapes of part of those conversations. After the jury convicted Frank on all charges, but before Frank was sentenced, the two accomplices pleaded guilty to less than all of the offenses charged in the indictment. The government then dismissed the remaining charges against the accomplices.

■ Frank first argues on appeal that his convictions under 18 U.S.C. § 844 cannot stand because the government did not show the judge's home was connected to interstate commerce. Frank relies on 18 U.S.C. § 844(i) for this argument. In doing so, however, Frank ignores the fact he was charged and convicted under section 844(d) (interstate transportation of explosives) and not under section 844(i) (using explosives to damage property used in or affecting interstate commerce). The section 844(d) charges submitted to the jury satisfy the federal jurisdiction element because the government had to prove the explosives were transported in interstate commerce for the purpose of unlawfully damaging or destroying property. Frank's accomplices testified they obtained the gasoline in Illinois and returned to Iowa, where they used the gasoline to set fire to the judge's home. This evidence provided the necessary interstate commerce connection to support a conviction under section 844(d). Compare United States v. Flynn, 852 F.2d 1045, 1056–57 (8th Cir.), cert. denied, —— U.S. ——, 109 S.Ct. 511, 102 L.Ed.2d 546 (1988).

Turning to Frank's second argument on appeal, Frank contends his due process rights were violated because the government failed to disclose the existence of agreements between it and Frank's accomplices before the men testified. Frank concedes there is no direct evidence in the record of these undisclosed agreements. Indeed, the only direct evidence on the matter is the categorical denial of any agreements by both of the accomplices who testified and by the prosecutor who tried the case. Frank contends we should nevertheless infer that the timing of the accomplices' guilty pleas implies the agreements must have existed when the men testified.

Regardless of the tenuous merit of Frank's contention, it fails here for another reason. Instead of going to trial on their scheduled trial dates, Frank's accomplices entered their guilty pleas before Frank was sentenced. Although he had the opportunity to do so, Frank did not bring his theory about the undisclosed agreements to the district court's attention before he was sentenced. Thus, we decline to consider a contention that has not been raised or ruled on in the district court.

■ Finally, Frank argues the district court committed error in admitting evidence of Patricia's conversations with him because the conversations were confidential communications protected by the marital privilege. *See* Fed.R.Evid. 501. Frank contends the mere fact the couple was still legally married when the conversations occurred entitled him to claim the privilege. We disagree.

We recognize that privileges are disfavored because they impede the search for truth. *See United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108–09, 41 L.Ed.2d 1039 (1974). Taking into account the Franks' permanent separation and their defunct marriage, we agree with the district court that Frank was not entitled to invoke the privilege. *See United States v. Roberson*, 859 F.2d 1376, 1378–82 (9th Cir. 1988); *United States v. Fulk*, 816 F.2d 1202, 1204–05 (7th Cir.1987); *In re Witness Before Grand Jury*, 791 F.2d 234, 238–39 (2d Cir.1986); *United States v. Byrd*, 750 F.2d 585, 589–94 (7th Cir.1984). The district court did not commit error in admitting this evidence.

For the reasons discussed, we affirm Frank's convictions.